## The Frankford & Southwark Philadelphia City Passenger Railway Company *v.* The City of Philadelphia, Appellant.

*Street railways—Adverse possession—Eminent domain—Right of way by public—Park.*

A street railway company purchased a lot of land in 1857, upon a portion of which it laid its tracks. The public were permitted to walk and drive over a portion of the land along the track. The company maintained continuous possession of the land until 1891, when upon the opening of a certain street it ceased to use the land for railway purposes, but thereupon immediately fenced and boarded it in. During all these years the company used the land for the purpose of storing rails and other articles upon it, and never ceased to assert its right to use and occupy the lot for its own purposes. In 1892, the city condemned the land for the purpose of a public park. *Held*, that there was no such loss of ownership of the land by the railway company as to forfeit its right to damages when the land was taken by the city. Root v. Commonwealth, 98 Pa. 170, and Com. v. Phila. & Read. R. R. Co., 135 Pa. 256, followed.

Argued April 1, 1896. Appeal, No. 167, Jan. T., 1896, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1894, No. 751, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of jury of view.

At the trial it appeared that in 1857 the plaintiff purchased a piece of land at the intersection of Kensington and Frankford avenues in the city of Philadelphia, and laid a track upon it, and permitted the public to walk and drive over it until 1891, when, upon the opening of Kensington avenue, the company fenced and boarded up the lot. During all these years the company used the land for the purpose of storing rails and other articles upon it, and never ceased to assert its right to use and occupy the lot for its own purposes. In 1892, the city condemned the land for a park to be called "Womrath Park."

The court charged in effect that the jury might assess damages for the entire ground for which plaintiff made claim, as if unimpaired by any easement or right of the public or other parties therein.

Verdict and judgment for plaintiff for $7,500.   Defendant appealed.

*Error assigned* was above instruction.

*E. Spencer Miller,* assistant city solicitor, *John L. Kinsey,* city solicitor, with him, for appellant.—The general rules of prescription which apply to private ways also govern the rights of the public.   The user relied on must be adverse, under a claim of right, open and notorious; from which the knowledge and acquiescence of the owner of the land is presumed : Com. v. Cole, 26 Pa. 187 ; Schenley v. Com., 36 Pa. 29 ; Wanger v. Hipple, 11 Cent. 776 ; Webster v. Lowell, 142 Mass. 324.

The very fact of use by the cars for public purposes tended to indicate a public highway.   The presumption is that passenger railways are laid upon streets : Rahn Twp. v. Street Ry., 167 Pa. 84 ; Demuth v. Amweg, 90 Pa. 181 ; Lehigh Val. R. R. v. McFarlan, 43 N. J. L. 605 ; Garrett v. Jackson, 20 Pa. 331 ; Pierce v. Cloud, 42 Pa. 102.

The question whether a given use possesses the features rendering it adverse, is one for the jury : Worrall v. Rhoads, 2 Wharton, 427 ; Steffy v. Carpenter, 37 Pa. 44 ; Susquehanna Coal Co. v. Quick, 61 Pa. 328 ; Gehman v. Erdman, 105 Pa. 371.

*William Henry Lex,* for appellee, was not heard, but cited in his printed brief : Root v. Com., 98 Pa. 170 ; Com. v. Phila. & Read. R. R., 135 Pa. 256 ; Weiss v. South Bethlehem Bor., 136 Pa. 294 ; Com. v. Kline, 162 Pa. 499.

PER CURIAM, April 13, 1896 :

This cause was correctly tried in the court below.   We agree entirely with the views expressed in the charge of the learned judge to the jury.   The lot in question was purchased by the plaintiff many years ago exclusively for its own use in laying tracks thereon for its railway, and it was continuously so used until in 1891, when upon the opening of Kensington avenue out to Frankford avenue, the plaintiff ceased using this lot for its railway purposes, but thereupon immediately fenced and boarded it in.   The plaintiff also used the lot during all these years for

the purpose of storing rails and other articles upon it and never ceased to assert its right to use and occupy the lot for its own purposes. To hold that, because the public were also allowed to make use of it for a short cut across between the two avenues, the plaintiff thereby lost its ownership of the land so as to forfeit its right to have damages when it was taken by the city for use as a park would be to maintain a very startling proposition, not sustained by any authority and very oppressive in its results. The facts necessary to establish a dedication do not exist in the case, and it is incredible that a right by adverse user could be acquired, when during the entire period the plaintiff was in full actual possession and constant daily use of the lot for its own purposes. We regard the case of Root v. Commonwealth, 98 Pa. 170, and Com. v. Phila. & Read. R. R. Co., 135 Pa. 256, as clearly applicable and controlling the contentions in this case.

Judgment affirmed.